**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Juma Gulzar, and** | ) | |
| **All Others Similarly Situated** | ) | |
| **Plaintiffs,** | ) | **Civil Action** |
| | ) | **File No.** |
| **v.** | ) | |
| | ) | |
| **Arfiana Eagles, Inc.; Kayam** | ) | |
| **Ventures, L.L.C.; Lokhandwala** | ) | **JURY DEMANDED** |
| **Investment Group, LLC; Aziz Kasambhai** | ) | |
| **Prasla; Mehrim Aziz Prasla; and, Sultan** | ) | |
| **Alibhai Momin** | ) | |
| **Defendants.** | ) | |
| | ) | |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME PLAINTIFFS, JUMA GULZAR, and all others similarly situated, and complain of Defendants Arfiana Eagles, Inc.; Kayam Ventures, L.L.C.; Lokhandwala Investment Group, LLC; Aziz Kasambhai Prasla; Mehrim Aziz Prasla; and, Sultan Alibhai Momin (hereinafter, "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

## I.
## Introduction

1.     This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.     This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime and straight-time wages to Juma Gulzar ("Mr. Gulzar" or "Plaintiff"), and all others similarly situated, in the course of their employment with the Defendants.

**II.**
**Jurisdiction and Venue**

3.      Plaintiff, on behalf of himself and the Plaintiff class, brings this action to recover unpaid overtime and straight-time wages from the Defendants pursuant to the FLSA, a federal statute.

4.      Jurisdiction is conferred pursuant to 28 U.S.C. §1331.

5.      Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b).

**III.**
**Parties**

6.      **Juma Gulzar**, Plaintiff, is a resident of Harris County, Texas.

7.      **Members of the "Plaintiff Class"** are current and former hourly and non-exempt salaried employees of Defendants who work, or have worked, at one or more of Defendants' establishments that collectively comprise an enterprise under the FLSA.

8.      Defendant, **Arfiana Eagles, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Sultan Alibhai Momin, at 11814 Hueco Tanks Drive, Sugar Land, Texas 77498-7342, or at any other address where he may be found. This Defendant owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce.

9.      Defendant, **Kayam Ventures, L.L.C.,** is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent, Sultan Alibhai Momin, at 11814 Hueco Tanks Drive, Sugar Land, Texas 77498-7342, or at any other address where he may be found. This Defendant owns, or has owned, one or more business establishments engaged in interstate commerce or in the production

of goods for interstate commerce.

10.     Defendant, **Lokhandwala Investment Group, LLC,** is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent, Aziz Kasambhai Prasla, at 17635 Quiet Shores Drive, Richmond, Texas 77407-2743, or at any other address where he may be found. This Defendant owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce.

11.     Defendant, **Aziz Kasambhai Prasla,** is an individual who may be served with summons and complaint at his residence at 17635 Quiet Shores Drive, Richmond, Texas 77407-2743, or at any other address where he may be found. This Defendant is engaged in interstate commerce or the production of goods for interstate commerce. Furthermore, he has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and members of the Plaintiff Class.

12.     Defendant, **Mehrim Aziz Prasla,** is an individual who may be served with summons and complaint at her residence at 17635 Quiet Shores Drive, Richmond, Texas 77407-2743, or at any other address where she may be found. This Defendant is engaged in interstate commerce or the production of goods for interstate commerce. Furthermore, she has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and members of the Plaintiff Class.

13.     Defendant, **Sultan Alibhai Momin,** is an individual who may be served with summons and complaint at his residence at 11814 Hueco Tanks Drive, Sugar Land, Texas 77498-7342, or at any other address where he may be found. This Defendant is engaged in interstate commerce or the production of goods for interstate commerce. Furthermore, he has

acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and members of the Plaintiff Class.

14.     Whenever in this complaint it is alleged that any or all of the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of each Defendant or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

15.     At all material times, Defendants have been an "employer" within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

16.     At all material times, Plaintiff and all members of the Plaintiff Class have been "employees" within the meaning of 29 U.S.C. § 203(e).

17.     At all material times, Defendants have been an "enterprise" within the meaning of 29 U.S.C. § 203(r).

18.     At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce pursuant to 29 U.S.C. §§ 206-207.

19.     At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees who were engaged in commerce. 29 U.S.C. § 203(s)(1).

20.     Defendants are a common enterprise and joint employer as such terms are defined in 29 U.S.C. § 203(r).

## IV.
## Collective Action Allegations

21.     Plaintiff files this case as an "opt-in" collective action, as is specifically allowed by 29 U.S.C. § 216(b).

22.     Other employees have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA.  As such, other similarly situated employees are being denied their lawful wages, and Plaintiff's experience is typical of the experience of members of the Plaintiff Class as it pertains to unpaid wages.

23.     The specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment.

24.     Each non-exempt employee, regardless of job title, job requirements, or rate of pay, who is denied overtime compensation for hours worked in excess of 40 in one or more workweek, is similarly situated to Plaintiff.

25.     Furthermore, although the amount of damages may vary among individual employees, there is no detraction from the common nucleus of liability facts.

26.     All current and former non-exempt employees employed by Defendants' business establishments, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime pay for hours worked in excess of forty (40) in any given workweek may properly be included as members of the Plaintiff Class.

27.     Thus, the class that Plaintiff seeks to represent is comprised of all current and former employees the Defendants employed as hourly or salaried workers and laborers 1) who worked at any business establishment of Defendants located in Texas that was owned, operated and / or acquired by Defendants during the class period, and 2) who claim that Defendants either (a) misclassified the employee as exempt from overtime wages, or (b) did not misclassify the

employee, but instead failed to properly and fully compensate the employee's overtime wages.

28.     Persons that opt in to the collective action will be added to the pleadings, and copies of their written consents to join a collective action will be filed with the Court.

## V.
## Facts

29.     At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

30.     For purposes of this action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

31.     Defendants employed Plaintiff Juma Gulzar at one or more of their business establishments beginning April 16, 2012, and ending December 7, 2013.

32.     During Plaintiff's employment, he worked for the Defendants as a laborer and gasoline station clerk, and his duties included the duties of a typical gasoline station and convenience store clerk, including mostly manual labor.

33.     During Mr. Gulzar's employment with the Defendants, his employer promised to pay him a base wage of $9.50 per hour.

34.     Defendants, however, paid Mr. Gulzar $600.00 on a bi-monthly basis, and an additional sum in cash in order to compensate for all of his hours worked (straight-time and overtime) at $9.50 per hour.  As such, Defendants have failed to pay Mr. Gulzar his overtime wage premium during each workweek of his employment. Such a wage scheme willfully excluded the calculation and payment of overtime wages in violation of the FLSA.

35.     As Defendants' employee, Plaintiff performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt employees because

the job required it and Defendants' management required it.

36. While working for the Defendants, Plaintiff was required to work overtime hours well in excess of 40 hours during each workweek.

37. Defendants have a legal obligation to maintain and preserve a contemporaneous and complete record of the exact number of hours Plaintiff worked during each workweek, including the overtime hours worked.

38. Additionally, Defendants have a legal obligation to maintain and preserve a contemporaneous and complete record of the exact number of hours all Members of the Plaintiff Class worked during each workweek, including the overtime hours worked.

39. Defendants do not possess time records indicating the exact number of hours Plaintiff and similarly situated employees worked during each workweek of their respective employment with the Defendants.

40. During at least the past three years, all of the non-exempt workers employed by all business establishments owned and/or operated by the Defendants were routinely required to work in excess of 40 hours per week to perform the function of their job which included the performance of duties otherwise typically performed by "hourly" paid non-exempt employees because the job required it and Defendants' management required it.

41. Defendants required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq.*, for which they were not paid at the proper hourly rates.

42. As such, Plaintiff and all other similarly situated non-exempt employees of the

7

Defendants were together victims of a common policy of the Defendants, which common policy willfully violated the FLSA.

43.     Plaintiff and all other similarly situated employees sue the Defendants for their unpaid overtime wages, and any other wages owed to them under the FLSA.

44.     Defendants also failed to pay Plaintiff a part of his final paycheck, which has resulted in non-payment of Mr. Gulzar's straight-time wages in violation of the FLSA, for which he now sues.

## VI.
### First Claim For Relief
(Unpaid compensation under the FLSA)

45.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

46.     Plaintiff and all others similarly situated are considered non-exempt employees.

47.     Plaintiff and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

48.     During Plaintiff's employment, he routinely worked more than 40 hours a week.

49.     Defendants did not pay Plaintiff overtime for the hours he worked on a weekly basis in excess of 40 hours a week.

50.     Defendants also did not pay Plaintiff some of the straight-time wages he earned.

51.     Defendants have also failed to pay, and continue not to pay, the overtime wages owed to all other similarly situated employees since the beginning of the three-year period preceding the filing of this civil action.

52.     As such, Defendants violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40

hours per week.

53.     Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern and practice regarding overtime compensation due to Plaintiff and to all others similarly situated.

54.     Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendants until the date of trial (or their last day of employment, if sooner).

55.     Plaintiff and all others similarly situated further seek an equal amount as liquidated damages, as well as reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## VII.
## Jury Demand

56.     Plaintiff, and all others similarly situated, makes a formal demand for a jury trial in this matter.

## VIII.
## Prayer For Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff Juma Gulzar, and all others similarly situated respectfully request that upon final hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

a.     Authorize the issuance of notice at the earliest possible time to all of Defendants' similarly situated employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their right to participate in this lawsuit;

b.     Declare that Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and all others similarly situated their overtime wages;

c.    Enter final judgment against Defendants, and in favor of Plaintiff and all others similarly situated, in the amount of their overtime wages;

d.    Declare that Defendants have violated 29 U.S.C. § 206, by failing to pay Plaintiff and all others similarly situated their straight-time wages;

e.    Enter final judgment against Defendants, and in favor of Plaintiff and all others similarly situated, in the amount of their straight-time wages;

f.    Enjoin Defendants from continuing to violate 29 U.S.C. §§ 206 and 207;

g.    Declare Defendants' violations willful;

h.    Order Defendants to pay liquidated damages to Plaintiff and to all others similarly situated employees in an amount equal to their unpaid straight-time and overtime wages;

i.    Enter an injunction restraining Defendants from destroying any payroll records or other documents relevant to this litigation;

j.    Order Defendants to pay Plaintiff and all others similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

k.    Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against the Defendants; and,

l.    Order all further relief, whether legal, equitable or injunctive, as may be necessary to give full effect and relief to Plaintiff, and to all other similarly situated employees of the Defendants.

Respectfully submitted,

**ALI  S. AHMED, P.C.**

By:    /s/ Salar Ali Ahmed   
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone:    (713) 223-1300
Facsimile:    (713) 255-0013

**Attorney for Plaintiff**
**Juma Gulzar**

10